IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JORDAN TUMINARO,

                                                                               ORDER

                Plaintiff,

                                                              11-cv-203-bbc

   v.

THE GARLAND COMPANY, INC.,

                Defendant,

   v.

APEX BUILDING CONSULTANTS, LLC,

                Third Party Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Plaintiff Jordan Tuminaro is seeking a declaratory judgment that a noncompete agreement he has with his former employer, defendant Garland Company, Inc., is invalid under Wis. Stat. § 103.465 as an unreasonable restraint. Defendant is asserting various counterclaims against plaintiff as well as claims against third party defendant Apex Building Consultants, LLC, which defendant says is one of its competitors that is doing business with plaintiff. Plaintiff has filed a motion for partial summary judgment with respect to his claim

1

as well as several of defendant's counterclaims.

The parties rely on 28 U.S.C. § 1332 as a basis for jurisdiction, which requires a showing that plaintiff is citizen of a different state from defendant and that the amount in controversy is greater than $75,000. So long as these requirements are satisfied, I may exercise supplemental jurisdiction over defendant's claims against third party defendant Apex, even if Apex is a citizen of the same state as the other parties. Kemper/Prime Indus. Partners v. Montgomery Watson Americas, Inc., 487 F.3d 1061, 1063 (7th Cir. 2007) (citing 28 U.S.C. § 1367(b)); 6 Charles Alan Wright et al., Federal Practice and Procedure § 1444, at 385 (3d ed. 2010).

The problem is that the parties have not included proposed findings of fact showing the citizenship of the parties or the amount in controversy. With respect to plaintiff, the parties agree that plaintiff is a "resident" of Illinois, but the Court of Appeals for the Seventh Circuit has stated repeatedly that allegations regarding "residency" are not enough. Craig v. Ontario Corp., 543 F.3d 872, 876 (7th Cir. 2008) ("They claim to be 'residents' of Arizona—an inadequate jurisdictional claim to begin with, as we repeatedly have reminded litigants and district judges."); Meyerson v. Harrah's East Chicago Casino, 299 F .3d 616, 617 (7th Cir. 2002) ("[R]esidence and citizenship are not synonyms and it is the latter that matters for purposes of diversity jurisdiction."); McMahon v. Bunn-O-Matic Corp., 150 F.3d 651, 653 (7th Cir. 1998) ("An allegation of residence is inadequate."). The proponent of

jurisdiction must show where each individual is *domiciled*, that is, where he or she intends to live for the foreseeable future. Dakuras v. Edwards, 312 F.3d 256, 258 (7th Cir. 2002). Residency and domicile may be the same for most individuals, but this court is obligated by circuit precedent to obtain more specific information.

With respect to defendant, the parties agree that it is "an Ohio Corporation, with its home office located [in] Ohio." A corporation is a citizen of its state of incorporation and the state where its principal place of business is located. Hoagland ex rel. Midwest Transit, Inc. v. Sandberg, Phoenix & von Gontard, P.C., 385 F.3d 737, 740-43 (7th Cir. 2004). Under Hertz Corp. v. Friend, 130 S. Ct. 1181, 1192-94 (2010), a corporation's principal place of business is "the place where the corporation's high level officers direct, control, and coordinate the corporation's activities." This "will typically be found at a corporation's headquarters," id. at 1186, but not necessarily. Thus, an allegation regarding the location of the corporation's "home office" is not sufficient.

Finally, the parties do not include any facts about the amount in controversy.

Because district courts have an independent obligation to determine whether jurisdiction exists, I cannot overlook these deficiencies, as technical as they may seem. McCready v. White, 417 F.3d 700, 702 (7th Cir. 2005). Because defendant removed the case, it is defendant's burden to show that jurisdiction is present. Accordingly, I will give defendant an opportunity to file supplemental materials to meet its burden.

3

ORDER

IT IS ORDERED that

1.  Defendant the Garland Company may have until September 21, 2011 to file supplemental materials showing that diversity jurisdiction is present as described in this order.  If plaintiff Jordan Tuminaro disputes any of defendant's evidence, he may have until September 23, 2011 to submit his own evidence.

2.  If the parties do not respond, I will remand the case to state court.

Entered this 14th day of September, 2011.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge

4