IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JORDAN TUMINARO,

                   Plaintiff,

      v.

THE GARLAND COMPANY, INC.,

                  Defendant,

      v.

APEX BUILDING CONSULTANTS, LLC,

                Third Party Defendant.

ORDER

11-cv-203-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

     In this civil case under state law, plaintiff Jordan Tuminaro seeks to invalidate various restrictive covenants he signed for his former employer defendant the Garland Company, Inc. Plaintiff filed this lawsuit in state court, but defendant removed it under 28 U.S.C. §§ 1441 and 1446.  Defendant then filed an answer and asserted its own counterclaims.

     In an order dated September 14, 2011, dkt. #48, I directed defendant to file supplemental evidence showing that jurisdiction exists under 28 U.S.C. § 1332, which requires complete diversity of citizenship and an amount in controversy greater than

1

$75,000.  As the proponent of jurisdiction, it is defendant's burden to show that jurisdiction is present.  In the order, I noted that defendant had failed to establish plaintiff's domicile (only his residence), defendant's principal place of business (only its "home office") or the amount in controversy.

In its response, defendant does not cure the problems related to the parties' citizenship.  It simply says that "[n]either party disputes that Garland is a[n] Ohio Corporation whose principal place of business is in Ohio. Nor do the parties disagree that Jordan Tuminaro is an Illinois resident."  Dkt. #49.  However, it did not cite any evidence for these propositions.  Further, as I stated in the previous order, allegations regarding "residency" are not enough.  Meyerson v. Harrah's East Chicago Casino, 299 F .3d 616, 617 (7th Cir. 2002) ("[R]esidence and citizenship are not synonyms and it is the latter that matters for purposes of diversity jurisdiction."); McMahon v. Bunn-O-Matic Corp., 150 F.3d 651, 653 (7th Cir. 1998) ("An allegation of residence is inadequate.").  The question is where the individual is domiciled, that is, where he or she intends to live for the foreseeable future.  Dakuras v. Edwards, 312 F.3d 256, 258 (7th Cir. 2002).

Luckily for defendant, plaintiff filed his own supplemental response and pointed to evidence in the record showing that he is domiciled in Wisconsin and defendant is incorporated in Ohio and has its principal place of business there.  Dkt. ##52-53.  Accordingly, I conclude that there is diversity of citizenship between plaintiff and defendant.

2

Third party defendant is a citizen of Wisconsin, but that does not destroy diversity jurisdiction; I may exercise supplemental jurisdiction over defendant's claims against third party defendant.  28 U.S.C. § 1367(b); Kemper/Prime Industry Partners v. Montgomery Watson Americas, Inc., 487 F.3d 1061, 1063 (7th Cir. 2007).

With respect to the amount in controversy, the question is complicated because plaintiff does not seek damages in his complaint.  Rather, his sole request for relief is to declare the restrictive covenants invalid.  When the plaintiff is seeking an injunction or declaration, the task is to measure "the value of the object of the litigation."  Hunt v. Washington State Apple Advertising Commission, 432 U.S. 333, 347 (1977).  In this circuit, "the object may be valued from either perspective—what the plaintiff stands to gain, or what it would cost the defendant to meet the plaintiff's demand."  Macken ex rel. Macken v. Jensen, 333 F.3d 797, 799-800 (7th Cir. 2003).  See also Uhl v. Thoroughbred Technology and Telecommunications, Inc., 309 F.3d 978, 983 (7th Cir. 2002) ("[T]he jurisdictional amount should be assessed looking at either the benefit to the plaintiff or the cost to the defendant of the requested relief—the so-called 'either viewpoint' rule.").

Unfortunately, despite a lengthy argument by defendant regarding the amount in controversy, it fails to address this standard.  Instead, defendant focuses on damages to which it will be entitled if it prevails on its counterclaims for breach of contract, conversion, civil conspiracy, tortious interference with a contract, unjust enrichment, civil aiding and

3

abetting and violation of the trade secrets law.  Dkt. #49.  However, this argument assumes that defendant may rely on its own counterclaims to establish the amount in controversy. I have previously considered this question in a case like this one, in which the defendant did not file its counterclaim until *after* the case was removed:

> In <u>St. Paul Mercury Indemnity Co. v. Red Cab Co.</u>, 303 U.S. 283, 293 (1938), the Supreme Court stated generally that jurisdiction must exist at the time of removal. In that case the plaintiff had attempted to reduce the amount of its claim in order to destroy federal jurisdiction after a proper removal. In <u>Federal Deposit Insurance Corporation v. Elefant</u>, 790 F.2d 661 (7th Cir. 1986), the Court of Appeals for the Seventh Circuit applied this timing rule to a post-removal counterclaim by the defendant. The court held that where no jurisdiction exists over plaintiff's original claim and defendant files a post-removal counterclaim invoking federal law, remand to state court is required. <u>Id.</u> at 667; <u>see also</u> <u>Wisconsin Dept. of Corrections v. Schacht</u>, 524 U.S. 381, 390 (1998) (stating in dicta that for removal jurisdiction court looks at the record prior to defendant's answer in federal court). I see no reason why a counterclaim based on diversity jurisdiction should be treated any differently from one based on federal question jurisdiction when applying this doctrine. <u>See, e.g.</u>, <u>Morgan Music, Inc. v. Baldwin Piano & Organ Company</u>, No. 96-C-573-C (W.D. Wis. Apr. 30, 1997). Accordingly, I conclude that defendant's counterclaim for declaratory relief based on § 9.6(k) of the partnership agreement cannot be used to determine the amount in controversy.

<u>Warren Loveland, LLC v. Keycorp Investment L.P. IV</u>, 2005 WL 1427707, *3-4  (W.D. Wis. 2005).

I am not aware of any authority calling <u>Warren Loveland</u> into doubt, so I will adhere to that opinion, which means that I must disregard defendant's counterclaims in determining the amount in controversy.  Because defendant focused on the wrong issue, it remains

unclear whether the amount in controversy exceeds $75,000 in this case.

I will give defendant one more chance to meet its burden.  This time, defendant should focus on the <u>Hunt</u> standard as applied by the Court of Appeals for the Seventh Circuit.  That is, defendant must show that plaintiff may gain more than $75,000 if he prevails on his claim for a declaratory judgment or that it will cost defendant more than $75,000 to comply with the requested declaration.  Defendant may not rely on its counterclaims.

## ORDER

IT IS ORDERED that defendant Garland Company, Inc. may have until November 9, 2011, to show that the amount in controversy is greater than $75,000.  If defendant fails to respond by that date, I will remand the case to state court.

Entered this 2d day of November, 2011.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge

6